75  234
112  313
====
75  234
115  277
----
75  234
128  629
----
75  234
135  1490
----
75  234
143  4 70

## CATHARINE AMPERSE v. GEORGE C. WINSLOW.

[See *ante*, 228.]

*Liquor traffic—Failure of council to approve bond—Action against individual member—Judicial discretion—Duty of council—Willful misconduct—Damages.*

1. The officers charged by statute with the approval or disapproval of liquor bonds act judicially within the scope and limit of the authority thus conferred, and cannot be made liable in a civil action for their refusal to approve such a bond, no matter how erroneous their determination may be.

2. A member of a city council is not precluded by the favorable report of the committee, to whom a liquor bond is referred; from investigating for himself, and, if the bond is put upon its passage upon such report, has not only the right, but it is his duty, to vote against its approval, if not satisfied that it meets the statutory requirements.

3. It is the duty of officers charged with the approval or disapproval of liquor bonds to see that said bonds, and the affidavits of the sureties therein, meet all of the statutory requirements applicable to such bonds and affidavits, and that the penalty is that fixed by the body of which such officers are members, and if, in their judgment, *each* surety is not worth said sum over and above the statutory deductions, it is their duty to disapprove the bond.

4. The willful violation of a plain duty by an officer acting in a *ministerial* capacity will not subject him to a suit for damages if the party affected thereby has sustained no injury by such misconduct.

Error to Kalamazoo.   (Buck, J.)   Argued April 18, 1889.   Decided June 14, 1889.

Case for refusal to approve of a liquor bond. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*O. T. Tuthill,* for appellant.

*E. S. Roos (William G. Howard,* of counsel), for defendant. ·

Long, J. The defendant interposed a demurrer to the declaration filed in this cause that it did not state a cause of action, and had a judgment thereon.

Plaintiff brings the case into this Court. The declaration is as follows:

"Catharine Amperse, the plaintiff in this case, by O. T. Tuthill, her attorney, complains of George C. Winslow, the defendant, who has been summoned to answer the said plaintiff in an action of trespass on the case.

"For that whereas, the plaintiff is a resident and a citizen of the city of Kalamazoo, State of Michigan, and has been continually therein for ten years and upwards, and was on or about the month of May, 1885.

"That she then desired to commence and continue the business in which she was theretofore engaged, of selling spirituous and malt liquors at retail at the place of business kept by her husband in said city, and on or about the twentieth of said month, to enable her under the law of the State to legally engage in and carry on said business, presented to the common council of said city, of which said defendant was then a member, as alderman elect thereof, a good and sufficient bond, in the sum of $3,000, to the people of the State of Michigan, duly made and signed and sealed by the plaintiff as principal, and William Boylan and Samuel Rosenbaum, of said city, as sureties, both being residents and freeholders therein, each of whom justified in the sum of $3,000 over and above all indebtedness and all exemptions from levy and sale on execution and all liability on other similar bonds; and each of said sureties having made, and which was annexed to said bond, an affidavit as was required by section 9, of Act 259, Laws of 1881, being section 2278 of Howell's Annotated Statutes of Michigan, to which bond, now on file in the treasurer's office of said county of Kalamazoo, reference is hereby made.

" And plaintiff avers that said bond in all respects—form, substance, number of sureties, justification, execution, and everything prescribed by the statute in such case made—was as the law requires and directs to be made and presented to the common council of said city by persons desirous of engaging in the business of the sale of spirituous and malt liquors therein, for the approval thereof, prior to engaging in the same, to enable such persons to legally carry on said business aforesaid.

" And plaintiff also avers that said city of Kalamazoo was then a duly incorporated city of said State by act of its Legislature, and by virtue of its charter regulations was governed by a common council, consisting of a mayor and ten aldermen, elected by vote of the people, qualified electors of said city, who by statute only could approve of liquor bonds, and hold regular meetings on the evenings of the first Monday of each month, and special meetings as called by the city council.

" And plaintiff further avers that upon one of said special meetings, to wit, the evening of May 25, 1885, the bond of the plaintiff having been submitted to them for their approval as the statute directs, and having theretofore been referred to the proper committee, that of licenses, were called upon to report on the said bond of the plaintiff, who through its chairman reported the same to the council as a good bond, the sureties thereon financially responsible, and the sum sufficient in all respects; and, on motion made, the report of the committee was accepted by the council, and placed on file; and thereupon Alderman Levy, of said city, moved the said bond of the plaintiff be approved by the council.

" No second to this motion being immediately made, the mayor proceeded to remark upon the expediency and policy of approving the bond of the plaintiff, and granting her license as applied for, on the ground and for the reason that several petitions were on file, signed by a number of individuals, requesting the council that no bond of the plaintiff be approved and she be granted no license for the year 1885, and for the reasons set forth in said petitions; whereupon Alderman Winslow called for the reading by the clerk of the council of the said petitions; and which being done, the council requested that the city attorney, Wm. G. Howard, Esq., who was present, address them, stating the law and the duty of the council in their action upon the matter of the bond of the plaintiff, and any liquor bond presented; and, in substance, Mr. Howard proceeded to say,—

" ' That the statute made no distinction between individuals; that any person who could present the requisite bond was entitled under the law to have his bond approved by the council, and licensed thereby to engage in the sale of liquors; and the council acting fairly under the law, and upon the report of the committee that the bond was found to be good in all respects, and there being no objections to the sureties, their financial responsibility and sufficiency, they were bound to approve it.'

" And the plaintiff avers that the duty of the defendant to vote for the approval of her bond, and cause the approval thereof to be indorsed thereon, was a corporate one, resting upon the municipality of the city of Kalamazoo in respect to its special and local interests, and upon him individually as a member of the common council, an officer and servant thereof, and which duty upon him was positive, absolute, and perfect, and not discretionary in him, or judicial in its nature, and one owing to the plaintiff, and her absolute right, in the performance of which she was specially interested, and which duty was specially conferred and imposed upon him as member of said council, and officer and servant of said municipality, by the statutes of this State; and the said defendant, acting under its authority, direction, and command thereof, as a member of said common council, to whom only could the plaintiff apply for the right and privilege of engaging in said business, absolutely omitted, neglected, and refused to perform said duty, well knowing that (or presumed to know) his acts in so doing was an actionable wrong and injury to the plaintiff, against him individually.

" And said plaintiff further avers that the common council of said city, the body designated by statute for the approval of liquor bonds (so called), to enable persons to legally engage in the sale of liquors as plaintiff in this case desired to do, absolutely then and there refused to approve the same and indorse their approval thereon as directed and commanded by the statute; and the said defendant willfully, wrongfully, and maliciously, and well knowing his duty therein in that regard, refused to vote, or influence said common council to vote, for the approval of said bond, and, in willful, stubborn disregard and violation of his duty to the plaintiff and the office of alderman in said council, he persisted in denying her the right she had under the law to have her bond approved, and utterly disregarding the law and instruction by which he was bound to act, and in defiance thereof, with full knowledge of the consequence thereof, refused to do his plain duty,—by which action and conduct

of said defendant she was unable to engage in and carry on her business as aforesaid, and had to abandon the same until said common council, through a majority of its members, should approve said bond.

" And therefore, to attain her object and purpose without further trouble, damage, and expense, to influence and persuade said defendant to grant the plaintiff her rights and privileges to legally carry on a business, the plaintiff again, on the evening of Monday, the first day of June following, at the regular meeting of said council, through her attorney there present, most respectfully asked permission to address them upon the matter of the plaintiff before them, and, being granted the same, requested said council, in behalf of the plaintiff, to state any reason he or the council had, other than set forth in the said petitions, against approving the plaintiff's bond, if any such there were; if there was any other objection than the matter of said petitions, to state the same openly and fairly, so that there would be no mistaking their action, and the reasons therefor as they had assigned them at the time of disapproving said bond; and, further, that by their proceedings it did not appear that they had acted fairly upon the approval of said bond of the plaintiff as the statute required; and on behalf of the plaintiff he reoffered said bond to said council for the proper action by them on its approval. But said council and said defendant then and there failed and refused to further act on the approval thereof as requested, and refused to approve the same absolutely.

" And the plaintiff shows that said common council, at the said meeting held on June 1, as it did on May 25, 1885, adjourned without approving said bond, or indorsing thereon its approval, and did not and would not approve the same, and did not and would not give any other reasons for so refusing to indorse thereon its approval, other than the matter contained in said petitions directed to them as aforesaid against their approving the same.

" And plaintiff says she was ready, upon the approval of said bond by said common council, and intended, to present the same to the county treasurer of Kalamazoo county, and to pay the tax to said treasurer required to enable her, the said plaintiff, to carry on said business at the place aforesaid.

" And said plaintiff further says that, to compel the defendant and common council to approve her said bond, she was obliged to and did, to wit, on or about the ninth of June,

1885, file a petition in the Supreme Court of this State, setting forth the said acts and conduct of said common council. of the city of Kalamazoo relating to said bond, to compel said defendant by *mandamus* to approve her said bond ; and thereupon, thereafter, upon the matter petitioned for being presented and heard by the said Supreme Court upon the proceedings had, and to bring the same to a hearing, an order was made by said Court, to wit, at the next January term thereof, that a peremptory writ of *mandamus* issue, requiring and compelling the city of Kalamazoo forthwith to approve the said bond aforesaid of the plaintiff, the relator in said petition named.

"And plaintiff avers that she was put to great cost, trouble, and expense in the proceedings she was compelled to take to the Supreme Court, and to make the defendant approve her bond, and to perform his plain duty required by the statute of the State, to wit, in the sum of $500, and sustained that loss and damage in the premises by the wrongful acts and willful conduct of the defendant in refusing to do what the law required.

"And that she also sustained great loss and damage by being deprived of the rights and privilege of engaging in and carrying on her legitimate business in a legal way, as prescribed by law, which she desired to commence and carry on as aforesaid, and being kept out and prevented from engaging in and carrying on the same by the defendant wrongfully and willfully refusing to approve the bond presented by her as aforesaid, until he was compelled to do so by writ of *mandamus* from the Supreme Court aforesaid, to wit, for the space of nine months, by reason of which she sustained a loss and damage in a large sum of money in the gains and profits of said business, in which she could have had and made during the said time, if the defendant by the approval of her said bond to him presented allowed her to engage in the same, in carrying it on as desired by her, to wit, in the sum of $1,500.

"And said plaintiff avers that the defendant well knew it was his plain and simple duty as alderman of said city, and member of the council thereof, to vote for the approval of all liquor bonds which are found and reported by the proper committee to whom it was referred to be good and sufficient, and for his willful and wrongful refusal so to do would make him individually liable to plaintiff for any and all loss and damage she might sustain by reason thereof; and that defendant has become and is liable for all such loss and damages as

aforesaid which she has sustained in the premises by reason of said willful and wrongful intentional acts and conduct to the injury of plaintiff, and against her rights, of which he had notice.

"Whereupon the said plaintiff says that she has been injured, and has sustained loss and damage in the said several sums above named, by the wrongful and willful acts and conduct of the defendant aforesaid, and which she is entitled to have and to recover in this action, to wit, in the sum of $2,000.

"And therefore she brings suit, etc."

The gist of the plaintiff's action is that—

"Said defendant willfully, wrongfully, and maliciously, and well knowing his duty therein in that regard, refused to vote, or influence said common council to vote, for the approval of said bond."

The claim of plaintiff's counsel is:

1. That the plaintiff has a cause of action, not only against the city, but against any and every alderman in the council that can be shown, under the allegations of the declaration, to have acted willfully and arbitrarily in refusing to approve her bond.

2. That the declaration in this case is full and complete to admit all the necessary proofs of the liability of the defendant by reason of his conduct in the vote taking on the motion made for the approval of the bond.

3. That the defendant is individually liable in this action to the plaintiff, as well as the city in its corporate capacity, for the violation of his plain duty as a member of the council of the city of Kalamazoo, said duty being simply ministerial, and imperative on the council after the report of the committee on said bond.

4. That the declaration counts on all grounds necessary to the action, and is amply sufficient to admit proofs of everything required to sustain the willful, arbitrary conduct of the defendant.

In *Amperse v. City of Kalamazoo, ante,* 228, we held that no recovery could be had by the plaintiff against the city, even though the common council may have been guilty of willful misconduct in refusing to approve this bond.

But counsel now urges in the present case that the members of the council individually may be held liable for such

willful misconduct, though the city cannot be made liable therefor.

The claim made is that the duty of the defendant, as alderman of the city of Kalamazoo, under the allegations of the declaration, was ministerial and not judicial in its nature; that all the duties judicial in their nature, relative to the approval of the bond, the sufficiency of the bond, and the sufficiency, residence, and character of the sureties, had already been passed upon by the committee reporting favorably upon the bond to the council, and that it then became the duty of the defendant, when the bond was so favorably reported back to the council by the committee, to vote for its approval, and his voting against its approval was evidence of willful misconduct; that when the committee had so acted upon the bond, and reported it sufficient in amount, and with satisfactory sureties, all these matters then had in effect passed into judgment, and were not subject to criticism or review by defendant or any member of the council; that all matters requiring investigation, inquiry, discretion, and judgment in regard to the amount and form of the bond, the number and character of the sureties, their residence and standing, had been determined for the council and the defendant by the committee, and there was only left the ministerial duty of approving the bond, which was refused.

The statute authorizing the giving of such bond, in force at the time this bond was presented, is Act No. 259, Laws of 1881.

Section 9 of this act gives the form of the bond, and provides—

"There shall also be annexed to each bond required by this act an affidavit of each surety thereto, which affidavit shall state that the affiant is worth a sum equal to the amount of the bond over and above all indebtedness and exemptions from sale on executions, and all liability on other similar bonds, and if, in the judgment of the township board or the

75 MICH.—16.

boards of trustees or common council of the village or city in which such business is proposed to be carried on, said sureties, or either of them, are not worth the full sum mentioned in said bond over and above all their liabilities, and exemptions, and liabilities on other similar bonds, they, the said township board, or board of trustees, or common council of the village or city, as the case may be, shall refuse to indorse said bond with their approval," etc.

By the provisions of the statute the council had something more than a ministerial duty to perform. Their duties were to look to the form of the bond; see that it met all the requirements of the statute as to form, and that the penalty therein was as fixed by the council; and also to see that the affidavit of the sureties was in conformity to the statute, and satisfy themselves that each surety was worth a sum equal to the amount of the bond over and above all indebtedness and exemptions from sale on execution, and all liability on other similar bonds; and if, in their judgment, each surety was not worth this sum over and above all such indebtedness and exemptions from sale on executions and liability on other similar bonds, then it was their duty to disapprove the bond.

This duty is something more than ministerial. It is the exercise of judgment a: d discretion.

The fact that the bond is referred to a committee, to investigate and report upon, does not necessarily preclude a member of the council from further investigation. His judgment and conscience may not be satisfied as to the pecuniary responsibility of the sureties, simply because the matter has been investigated by some other member who is upon that committee. He still has the right to investigate for himself if he is not satisfied with the report, and if the bond is put upon its passage upon the report of the committee, and a member is not satisfied as to these facts, he not only has the right, but it would be his duty, to vote against the approval.

In the present case the bond was referred back by the com-

mittee as a good bond, the sureties thereon financially respon-
sible, and the sum sufficient in all respects, and on motion the
report was accepted by the council, and placed on file. It seems
that a motion was then made to approve the bond, but this
motion had no second.    When the mayor referred to the peti-
tions on file against its approval, and the defendant called for
their reading, after which the city attorney was called upon for
an opinion as to the duty of the council in the premises, and
having given such opinion that it was their duty to approve
the bond, it is alleged that it became the duty of the defend-
ant to vote for its approval to be indorsed thereon, but that
he absolutely omitted, neglected, and refused to perform said
duty, well knowing that (or presumed to know) his acts in
so doing were an actionable wrong and injury to the plaint-
iff, against him individually.

The declaration then alleges:

"And the said defendant willfully, wrongfully, and
maliciously, and well knowing his duty therein in that
regard, refused to vote, or influence said common council to
vote, for the approval of said bond, and, in willful, stubborn
disregard and violation of his duty to the plaintiff and the
office of alderman in said council, he persisted in denying her
the right she had under the law to have her bond approved,
and utterly disregarded the law and instruction by which he
was bound to act, and in defiance thereof, with full knowl-
edge of the consequences thereof, refused to do his plain
duty."

The declaration seems to be framed upon the theory that
after the report from the committee stating the bond was in
proper form, and the sureties financially responsible, and the
instructions from the city attorney that it was the duty of
the council to approve it, then each individual alderman was
at once bound to vote for its approval, and, failing in this,
each was guilty of a willful violation of duty, for which
plaintiff had a right of action for damages.

Neither the committee to whom the bond was referred, nor
city the attorney, were the keepers of the consciences of the

other members of the council, nor were their judgments to be placed as judgments of the other members. The statute makes it the duty of the council to determine the penalty of the bond within certain limits, as well as the sufficiency of the sureties. These are judicial inquiries and determinations. This has been repeatedly so held by this Court; and upon application for *mandamus* to compel these officers to approve liquor bonds, where it is made to appear that the council were not satisfied with the form or penalty of the bond, or the sufficiency of the sureties, the writ is always denied; and it is well settled that in all matters resting in the judgment and discretion of such boards, and upon which they have actually passed, *mandamus* will not lie to control their decision or action, when made or taken in good faith. High, Extr. Rem. § 323; *Sandlake v, Berlin*, 2 Cow. 485; *Pfister v. State*, 82 Ind. 382; *Albin v. Board of Directors*, 58 Iowa, 77 (12 N. W. Rep. 134).

There is no claim made in the declaration that the defendant acted willfully and maliciously, and in disregard of his duty, except in that he refused to vote for, and influence the other aldermen to vote for, the approval of this bond after the same had been reported favorably by the committee, and after the city attorney had instructed the council as to its duty in the premises, and the fact that at the June meeting of the council it again refused to approve the bond without assigning any reason therefor.

Admitting these facts, it would not constitute a cause of action. The defendant may have acted honestly in refusing to vote for its approval, and it was a matter to be by him judicially determined. In the performance of this duty the members of the council are the judges acting within the scope and limit of the authority conferred by this statute, and they cannot be made liable for acts judicial in their nature in a civil action, however erroneous or wrongful their determination may be. If they refuse to act, upon

proper application to a court of competent jurisdiction they may be compelled to do so. And, if a member of such board should be guilty of any willful and corrupt misconduct, no doubt a criminal prosecution would lie for such misconduct.

In *Wall v. Trumbull,* 16 Mich. 235, the principle was stated by this Court that—

"A ministerial officer has a line of conduct marked out for him, and has nothing to do but to follow it, and he must be held liable for any failure to do so which results in the injury of another.

"A judicial officer, on the other hand, has certain powers confided to him, to be exercised according to his judgment or discretion; and the law would be oppressive which should compel him in every case to decide correctly at his peril. It is accordingly a rule of very great antiquity that no action will lie against a judicial officer for any act done by him in the exercise of his judicial functions, provided the act, though done mistakenly, was within the scope of his jurisdiction."

Another very serious defect is apparent in the declaration, even if it contained sufficient other allegations to maintain the action. It does not appear, and is nowhere alleged, that, even if the defendant had voted for the approval of the bond, and had used his influence with the other members of the council thereto, the bond would have been approved. The declaration does not state that any member of the council voted to approve it, but the implication is that the whole number of aldermen on the council voted against it. If, then, the defendant had voted for its approval, and fulfilled his duty as claimed by the plaintiff, the result would have been the same, and the plaintiff would have sustained the same injury as that of which she now complains.

Even though the defendant may have been acting in a ministerial capacity, and have willfully violated his plain duty, yet if the plaintiff was not injured by this willful misconduct, then no cause of action would arise upon which a claim for damages could be based, and what the motive of defend-

ant was in voting against its approval would not aid the plaintiff's case. The action could not be maintained unless damages resulted to the plaintiff by such willful misconduct. This is not made to appear by the declaration.

In any view of the case, we are satisfied the declaration does not state a cause of action, and the judgment of the court below must be affirmed, with costs.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred.

MORSE, J. 1 concur in the result, but, if damage could be shown from a willful and malicious refusal to approve a liquor bond which was perfect and complied with the statute in all respects, I think an action would lie against those causing such damage.

The declaration, in my opinion, shows that defendant's refusal to vote for the approval of the bond was willful, and in known violation of his duty under the law. The trouble is that the declaration fails to show that the action of the defendant, as therein set forth, was the occasion of any damage to the plaintiff.