GAINCOTT *v.* DAVIS.

1. APPEAL AND ERROR—CASE AFFIRMED IF TRIAL COURT REACHES
   RIGHT RESULT.

> Judgment for defendant, in an action at law wherein jury dis-
> agreed, should be affirmed if the trial court reached the right
> result even though he gave a wrong reason therefor (3 Comp.
> Laws 1929, § 14535).

2. SCHOOLS AND SCHOOL DISTRICTS—NEGLIGENCE—TEACHER AND PUPIL
   —WATERING PLANTS—PERSONAL INJURY.

> Teacher who ordered plaintiff, an eight-year old pupil, to water
> plants in boxes suspended from ceiling to about four feet from
> floor and used in nature study instruction *held*, not guilty of
> negligence in action for injuries sustained when plaintiff fell
> from chair and cut her wrist on parts of broken glass bottle
> which she was using and which had dropped to cement floor,
> although such instrumentalities were being used with teacher's
> knowledge, the mere fact that an accident happened not render-
> ing defendant liable.

3. SAME—TEACHER AND PUPIL—IN LOCO PARENTIS.

> A teacher in whose custody a pupil is placed, need not be shown
> to have been guilty of wanton or wilful negligence in order to
> be held liable for injuries sustained while teacher stood *in loco
> parentis* to pupil, ordinary negligence of teacher being suffi-
> cient to establish liability.

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted June 17, 1937. (Docket No. 9, Calendar
No. 39,492.) Decided October 4, 1937.

Case by Elizabeth Gaincott, an infant, by Gabriel
Gaincott, next friend, against Esther Davis for per-
sonal injuries sustained by falling from a chair in
school. Disagreement of jury. On motion for a

directed verdict by both parties, judgment was rendered for defendant. Plaintiff appeals. Affirmed.

*Roxborough & Taliaferro* (*Robert Evans,* of counsel), for plaintiff.

*Clarence E. Page,* for defendant.

North, J. Plaintiff, when a child eight years of age, was a pupil in the public schools of Detroit and defendant was one of her teachers. The regularly prescribed course included instruction in nature study in which defendant was the teacher. At least some of this instruction was carried on in a room adjacent to that in which the pupils were regularly assembled. This adjacent room is referred to as the conservatory, where various types of plant and animal life were kept and studied. The pupils were required to care for these plants. Some of the plants were in boxes suspended from the ceiling and were at a height of about four feet above the floor level. On the day plaintiff received the injuries in consequence of which she has brought this suit, she was directed by the defendant teacher to go into the conservatory and water the plants. Plaintiff, not being tall enough to reach the suspended boxes, took a chair from the adjoining room to stand on so that she might water the plants in these boxes. The chair was taken with the knowledge of the teacher and the teacher was also aware that plaintiff was using a glass milk bottle in watering the plants. While plaintiff was so engaged the bottle slipped from her grasp, fell to the cement floor and was broken; and at the same time plaintiff fell from the chair and was quite severely injured by cutting her left wrist on the broken glass.

Plaintiff, by her next friend, brought this suit in which she seeks to recover damages' from her teacher, the defendant herein, on the ground that the injury sustained by plaintiff was caused by defendant's negligence. Defendant's duty and the breach of' such duty is alleged in plaintiff's declaration as follows:

"That it then and there became the duty of the defendant, Esther Davis, the teacher in charge of the plaintiff, Elizabeth Gaincott, who was a minor of tender years, to-wit, about eight years of age, to instruct and care for your plaintiff, and not to order the plaintiff to do any act which would jeopardize her safety and injure the plaintiff, but, disregarding this duty imposed upon said defendant * * * (she) did, on the 28th day of September, 1932, order your plaintiff, Elizabeth Gaincott, with a milk bottle containing water, to ascend a chair to water some flowers that were in the class room, and while ascending the chair, and watering the flowers as ordered by the defendant, Esther Davis, plaintiff, Elizabeth Gaincott, fell, breaking the milk bottle and severely lacerating and injuring her left wrist, from which injuries she is still suffering, and is permanently injured."

There was trial by jury, resulting in a disagreement. Thereafter each party, pursuing the statutory practice (3 Comp. Laws 1929, § 14535), moved for judgment. After hearing arguments the circuit judge held that under the proofs plaintiff had not established a right to recover and ordered a judgment entered in favor of defendant. Plaintiff has appealed.

In an opinion filed by the circuit judge he stated:

"I am inclined to the belief that in the absence of wilful or wanton negligence, that the teacher

could not be held in an action of this character. * * * Being of the opinion that no actionable negligence exists in this matter, it follows that a judgment of no cause of action may be entered in this cause.''

The question presented by this appeal is whether there is reversible error in the holding of the trial court ''that the teacher could not be guilty of actionable negligence in the absence of 'wilful or wanton negligence.' '' If the right result was reached in the circuit court the judgment should be affirmed. There can be no recovery except there is proof of negligence on the part of defendant which caused plaintiff's injuries. We have reviewed the record in this case and find no testimony tending to establish even ordinary negligence. The act which plaintiff was requested or directed by defendant to perform was in the regular course of the school activities. There was nothing in the nature of the act itself or the instrumentalities with which plaintiff was permitted to perform the act which would lead a reasonably careful and prudent person to anticipate that the child's safety or welfare was endangered in the performance of the act. The mere fact an accident happened, and one that was unfortunate, does not render defendant liable.

''In the case of conduct merely negligent, the question of negligence itself will depend upon the further question whether injurious results should be expected to flow from the particular act. The act, in other words, becomes negligent, in a legal sense, by reason of the ability of a prudent man, in the exercise of ordinary care, to foresee that harmful results will follow its commission.'' *Drum* v. *Miller*, 135 N. C. 204 (47 S. E. 421, 65 L. R. A. 890, 901, 102 Am. St. Rep. 528).

At least in a limited sense the relation of a teacher to a pupil is that of one *in loco parentis.*

We are not here concerned with the law applicable to punishment of a pupil by a teacher; but rather with the law applicable to the duties of a teacher in the care and custody of a pupil. In the faithful discharge of such duties the teacher is bound to use reasonable care, tested in the light of the existing relationship. If, through negligence, the teacher is guilty of a breach of such duty and in consequence thereof a pupil suffers injury, liability results. It is not essential to such liability that the teacher's negligence should be so extreme as to be wanton or wilful.

In each of the following cases decision as to liability or nonliability turned on proof or lack of proof of ordinary negligence: *Drum* v. *Miller, supra; Medsker* v. *Etchison,* 101 Ind. App. 369 (199 N. E. 429); *Rice* v. *School District No. 302 of Pierce Co.,* 140 Wash. 189 (248 Pac. 388); *Lessin* v. *Board of Education,* 247 N. Y. 503 (161 N. E. 160).

As hereinbefore noted, a thorough review of this record fails to disclose any testimony tending to establish actionable negligence on the part of the defendant. For that reason judgment entered in the circuit court is affirmed. Costs to appellee.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.