EDWARD HOOSE, an Infant, by ELLA HOOSE, His Guardian ad Litem, Appellant, *v.* S. S. DRUMM et al., as Trustees of School District No. 1 of the Town of Stuyvesant, Respondents.

Argued May 19, 1939; decided July 11, 1939.

*William E. J. Connor* for appellant.

*Morris Simon* for respondents.

LOUGHRAN, J. Plaintiff, ten years old, was a boy pupil in a district school of which the defendants were the trustees. On February 16, 1937, one of his eyes was destroyed by a goldenrod stalk thrown by another pupil when the school was at recess. The casualty happened on a part of the school property that was separated from the playground by a roadway. There was evidence that theretofore the pupils had torn off goldenrod stalks and thrown them at each other and that other boys had been thereby injured. There was evidence that the stalks grew in a ravine and that pupils playing there could not be seen from the school house or the playground. There was evidence that the trustees knew the physical situation. There was evidence that no teacher was with the plaintiff and his companions on the occasion in question.

A verdict against the trustees for the plaintiff's damages has been set aside and the complaint has been dismissed.

We are to say whether in any view of it the case was for the jury. (*Paltey* v. *Egan*, 200 N. Y. 83.)

The powers and duties of the trustees of a school district are outlined by section 275 of the Education Law (Cons. Laws, ch. 16). Subdivision 9 thereof empowers such trustees and makes it their duty: " To establish rules for the government and discipline of the schools." Whether default of that duty was a proximate cause of the plaintiff's injuries was the sole question left to the jury. The trustees had made no rule in respect of the play of pupils during recess time. They had said nothing to any teacher in that regard. One of them gave this testimony: " All the regulations that we ever passed was, we hired the principal of the school and he was supposed to have jurisdiction of the teachers and the children."

We think the case is outside the statutory direction " To establish rules for the government and discipline of the schools." This phrase cannot mean that every detail of school management is the business of trustees. A complementary measure of its meaning and purpose is found in subdivision 2 of section 310, which confers upon a board of education of a union free school district the like power " To establish such rules and regulations concerning the order and discipline of the schools, in the several departments thereof, as they may deem necessary to secure the best educational results." There is no need now to settle the ultimate scope of these provisions of the statute. (Cf. *People ex rel. Lewis* v. *Graves*, 245 N. Y. 195.) For the purposes of the present case it is enough to hold, as we do, that the Legislature did not thereby intend to cast upon school trustees or boards of education the burden of an attempt to fashion guides for the safe conduct of pupils in the indulgence of their boundless natural instincts for self-amusement.

It was not alleged that any incompetent teacher had been retained by the trustees. Teachers have watched over the play of their pupils time out of mind. At recess periods, not less than in the class room, a teacher owes it to his

charges to exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances. We do not discover in the statute anything which requires that trustees should specifically remind a teacher of this particular function of his ordinary station. Subdivision 8 of section 275 calls for special supervision of athletic, playground and social center activities only when this is authorized by a vote of a district meeting.

The trial judge ruled that there was no dangerous condition of the school premises. We agree. No suggestion is made that the standing goldenrod stalks were pernicious in themselves. (Cf. *Popow* v. *Central School District No. 1*, 277 N. Y. 538.) The danger lay in the probability that the pupils would play as they did. The effective cause of the plaintiff's injuries was a failure to protect the boys against themselves. Any dereliction in this aspect was the fault of the teachers, for which the trustees cannot be held to answer to the plaintiff. (Cf. *Lessin* v. *Board of Education*, 247 N. Y. 503; Education Law, § 569-a.)

The judgment should be affirmed, with costs.

LEHMAN, HUBBS, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., dissents; O'BRIEN, J., taking no part.

Judgment affirmed.