COLE v RIFE

1. JUDGMENT—DIRECTED VERDICTS—FACT QUESTIONS—APPEAL AND
   ERROR.

   A trial judge may not take the question from a jury when a fact
   question is presented upon which reasonable persons could
   reach differing conclusions; directed verdicts are viewed with
   disfavor and are reviewed in a light most favorable to the
   nonmoving party with every reasonable inference granted to
   him and any conflict in evidence resolved in his favor.

2. NEGLIGENCE—STANDARD OF CARE—POLICE OFFICER—REASONABLY
   PRUDENT MAN—LIKE CIRCUMSTANCES.

   The standard of care which applies in a negligence action involv-
   ing a police officer is to compare the officer's conduct to that
   care which a reasonably prudent man would exercise in the
   discharge of official duties of like nature under like circum-
   stances.

3. JUDGMENT—DIRECTED VERDICTS—NEGLIGENCE—POLICE OFFICER—
   REASONABLY PRUDENT MAN.

   A trial court erred in granting a defendant's motion for a di-
   rected verdict, in a negligence action against a police officer,
   where, on the basis of the evidence, the jury might well have
   found that the officer did not act as a reasonably prudent police
   officer would in similar circumstances and that the way the
   police officer handled a blockade was negligent.

4. NEGLIGENCE—MUNICIPAL CORPORATIONS—GOVERNMENTAL IMMU-
   NITY—TOWNSHIPS—POLICE OFFICER—PERSONAL NEGLIGENCE.

   The concept of governmental immunity protects a township from
   liability in a negligence action; however, this does not extend to

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 720, 886.
[2] 63 Am Jur 2d, Public Officers and Employees § 304.
    70 Am Jur 2d, Sheriffs, Police and Constables § 50.
[3] 5 Am Jur 2d, Appeal and Error §§ 608, 720.
[4] 63 Am Jur 2d, Public Officers and Employees § 304.
    Am Jur 2d, Sheriffs, Police and Constables § 50.

*protect an individual police officer of the township from liability for personal negligence in the performance of his duties.*

Appeal from Macomb, Edward J. Gallagher, J. Submitted April 20, 1977, at Detroit. (Docket No. 28951.) Decided August 22, 1977.

Complaint by Charles R. Cole and Mary Cole against Earl Rife, Jr., a police officer, and the Township of Shelby for damages arising from an automobile collision caused by the negligence of the defendants. Summary judgment for defendant Shelby Township. Judgment for defendant Rife on a directed verdict. Plaintiffs appeal the judgment for defendant Rife. Reversed and remanded.

*Canyock and Thumm,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Joseph V. Walker* and *Christine D. Oldani),* for defendant.

Before: V. J. Brennan, P. J., and D. F. Walsh and J. N. O'Brien,* JJ.

V. J. Brennan, P. J. On February 28, 1972, at approximately 11:30 p.m., plaintiff Charles Roy Cole was proceeding eastbound on 23 Mile Road, a two-lane asphalt road, in Shelby Township when he was involved in an automobile accident with a car driven by Charles Tripp which was proceeding in a westerly direction on 23 Mile Road fleeing from the police.

As a result of the accident, plaintiffs Charles Roy Cole and Mary Cole, his wife, filed a complaint against defendant Earl Rife, Jr., and the

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Township of Shelby, jointly and severally. They alleged that Officer Rife was negligent in positioning his patrol car in the westbound lane on 23 Mile Road for use as a road block in an effort to stop Mr. Tripp and that the officer's negligence in establishing a road block and directing plaintiff to proceed past the road block was the proximate cause of plaintiff's injuries.

The matter proceeded to trial on April 20, 1976. At the conclusion of the plaintiffs' liability testimony on April 21, 1976, defendants moved for a directed verdict of no cause of action. The motion was argued and the trial court granted the defendants' motion, ruling that the plaintiff had failed to establish that the defendant breached his duty of care owed to the plaintiff in establishing the road block. The order of directed verdict of no cause of action was entered on May 12, 1976, and plaintiff has timely brought this claim of appeal as a matter of right. GCR 1963, 806.1.

At trial, plaintiff testified that on April 28, 1972, he was on his way home from work. At some time after 11 p.m., he was proceeding in an easterly direction on 23 Mile Road. As he approached Hayes Road, he saw a patrol car in the intersection of Hayes Road and 23 Mile Road; facing north on Hayes Road blocking the westbound lane of 23 Mile Road with its lights flashing. He stated that he slowed down and that he saw a policeman standing by the police car. Plaintiff was approximately 100 to 150 feet from the officer when he saw him and states that the officer waved at him to proceed. He proceeded to go through the intersection in an easterly direction. The right side wheels of his car were off the pavement and on the shoulder of the road. Plaintiff states he then saw headlights coming at him, heard a kind of roar

and a scrape and that these impressions were all that he could remember about the accident.

On the other hand, Officer Rife testified that on February 28, 1972, he was working the 4 p.m. to 12 p.m. shift as a township police officer for the Township of Shelby. Rife states that he was working alone that evening and that he received a dispatch from the Shelby Township Police Department to establish a road block or blockade in the area of 23 Mile Road and Hayes Road because a highspeed chase was proceeding west on 23 Mile Road. Officer Rife proceeded to the intersection and established the requested road block. He placed his vehicle facing north on Hayes Road in the westbound lane of 23 Mile Road with beacon and flashing signal lights in operation. After placing his vehicle in the westbound lane, Rife states he received a dispatch to get his person out of the area due to the high-speed chase coming in his direction. He ran to the north. As he ran he looked back and saw the westbound vehicle being chased. The vehicle was traveling without any headlights and at a very high rate of speed. Rife then states that he also saw a car proceeding in an easterly direction on 23 Mile Road which appeared to be either stopped or stopping on the west portion of the intersection of 23 Mile Road and Hayes Road. Rife was on the north shoulder of 23 Mile Road when the accident between plaintiff and Mr. Tripp occurred. He states that he did no more at the scene before the impact.

Various testimony from three other persons involved, Sergeant Joseph Koenig, Robert Oullette, and Larry Balla, failed to resolve the inconsistencies between the accounts of the accident given by plaintiff and defendant.

On appeal, plaintiff raises two principal allegations of error. We will deal with them in order.

Plaintiff first contends that the trial court erred reversibly in directing a verdict in favor of defendant police officer holding that the officer was not negligent in positioning his patrol car across the road where plaintiff presented evidence that the officer directed plaintiff to drive into the path of an oncoming vehicle.

The trial judge granted defendants' motion for a directed verdict of no cause of action at the conclusion of plaintiff's proofs. Generally, we do not encourage directed verdicts in negligence actions where the legal determination of liability hinges so greatly upon the resolution of conflicting factual matters. *Cody v Marcel Electric Co,* 71 Mich App 714; 248 NW2d 663 (1976). In *Cody,* we stated the following standard by which we review the grant of a directed verdict in such cases:

"Directed verdicts, particularly in negligence cases, are viewed with disfavor. When a fact question is presented upon which reasonable persons could reach differing conclusions, the trial judge may not take the question from the jury. In deciding whether the trial court erred in entering a directed verdict, we review all the evidence presented to determine whether a question of fact existed. In so doing, we view the evidence in a light most favorable to the nonmoving party, granting him every reasonable inference and resolving any conflict in the evidence in his favor. If the evidence viewed in this manner establishes a prima facie case, we must reverse the trial court's grant of a directed verdict." (Citation Omitted.) *Cody v Marcel Electric Co, supra,* at 717.

At the outset, we might comment upon the standard of care which we feel applies in a negligence action involving a public official in defendant's position. In *McKay v Hargis,* 351 Mich 409; 88 NW2d 456 (1958), the Michigan Supreme Court,

commenting upon whether a police officer, accused of negligence, had breached his statutory duties, stated:

"We know of no better standard by which to determine a claim of negligence on the part of a police officer than by comparing his conduct, as this circuit judge suggested, to 'that care which a reasonably prudent man would exercise in the discharge of official duties of like nature under like circumstances.' " *McKay v Hargis, supra,* at 418.

While the Court in *McKay* speaks in terms of a breach of the statutory duties imposed incident to the privileges granted by the statute in that case, the decision can stand as well for the proposition that, even in the absence of specifically defined statutory duties, police officers still retain an individual duty of due care to persons with whom they become involved in exercising their official functions. This duty is tested by the standard of whether a reasonably prudent man performing similar official duties would act in the same way. We believe that the claimed breach plaintiff alleges in this case must be evaluated by that standard. *McKay v Hargis, supra,* at 415–418.

We must decide, then, whether evidence at trial demonstrated a legal basis for the court's holding that defendant did satisfy this standard of care by his actions of February 28, 1972. We find no specific Michigan decisions addressing this point. However, we do find one decision in the Federal courts which is instructive. *Myers v Town of Harrison,* 438 F2d 293 (CA 2, 1971). In *Myers,* the factual situation was virtually identical to the present case. Faced with the positioning of a patrol car at the bottom of a steep incline without adequate precautions to warn approaching motorists,

the Court proceeded to affirm liability on the part of the police officer finding that his conduct was negligent. Further, the Court ruled that the officer's actions were sufficient evidence for the jury to find that he was the proximate cause of the accident. As the Court stated:

"The position of the Fiore car [police car], whether or not it completely blocked the entire roadway, could be said to have caused Smith [the car pursued] to swerve or attempt to stop which in turn resulted in his [Smith's] losing control and thus the accident." *Myers v Town of Harrison, supra,* at 297.

In the instant case, on the basis of the evidence, the jury might well have found that Officer Rife did not act as a reasonably prudent police officer would in similar circumstances and that the way he handled the blockade was thus negligent. Certainly, testimony of plaintiff and defendant indicated some degree of inconsistency over purely matters of fact. Further, viewing the evidence in the light most favorable to plaintiff and resolving all inferences and conflicts in his favor, as we must do in light of a directed verdict, we believe that the evidence indicates a directed verdict should not have been granted.

We believe plaintiff's testimony indicates a prima facie case that Officer Rife failed to exercise the degree of care which a reasonably prudent police officer would have exercised in similar circumstances and that his conduct may well have been the proximate cause of the plaintiff's injury. Specifically, plaintiff testified that Officer Rife waved him to proceed past the road block and directly into the oncoming path of Mr. Tripp's vehicle. Plaintiff's account was supported by the testimony of Mr. Ouellette who stated that he too

was directed at an earlier point to proceed past the road block in the same manner as plaintiff.

Accordingly, we hold that the trial court erred in directing a verdict for defendant. *Cody v Marcel Electric Co, supra,* at 718.

The next question we must resolve is whether a police officer who negligently performs official duties enjoys governmental immunity so as to insulate him from all liability.

The Michigan Supreme Court has only recently issued several important opinions concerning the doctrine of governmental immunity. *Thomas v Department of State Highways,* 398 Mich 1; 247 NW2d 530 (1976), *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976), *McCann v State of Michigan,* 398 Mich 65; 247 NW2d 521 (1976), *Galli v Kirkeby,* 398 Mich 527; 248 NW2d 149 (1976). These decisions extensively review the area of governmental immunity as it applies to the state and its instrumentalities. However, none deals directly with the question of whether or not a public official acting in a public capacity may assert governmental immunity against a claim of personal negligence. We must look elsewhere for a resolution of this problem.

This Court has faced very similar situations in the past. *Lovitt v Concord School Dist,* 58 Mich App 593; 228 NW2d 479 (1975). See *Wynn v Cole,* 68 Mich App 706; 243 NW2d 923 (1976), *Tocco v Piersante,* 69 Mich App 616; 245 NW2d 356 (1976). See also *Rush v Pierson Contracting Co,* 310 F Supp 1389 (ED Mich, 1970). In *Lovitt,* where plaintiffs sought to recover for injuries sustained in their high school football program, we found that the sovereign immunity of the school district covered the principal and superintendent of schools but did not extend to the teacher-coaches for their acts of personal negligence:

"The issue of whether or not the governmental immunity of a school district extends to include an employee, and particularly a teacher, appears to be a question of first impression in this state. While it is obvious that a government agency cannot act except through its employees, a literal reading of the statute would seem to confine its application to the agency itself. The defendants advance the theory that this statute renders the teachers immune in the absence of another statute specifically providing for liability. This contention overlooks the fact that the teachers' liability in the present case is predicated on their common-law duty to refrain from negligently injuring others, not on any statute." *Lovitt v Concord School Dist, supra,* at 599.

This holding was applied subsequently in *Wynn v Cole, supra,* at 712, *Tocco v Piersante, supra,* at 625.

Likewise, in the present case, we feel sovereign immunity properly covered the Township of Shelby, but would not extend to the personal negligence of defendant Rife. As in *Lovitt,* Officer Rife's liability in the present matter is based upon a common-law duty of due care which we conceive to be incident to his official function. *McKay v Hargis, supra,* at 418. What we hold here is simply that defendant should not be protected from suit for his personal acts of negligence. *Lovitt v Concord School Dist, supra,* at 599.

Reversed and remanded for proceedings in conformity with this opinion.