COOK v BENNETT

Docket No. 78-107. Submitted November 14, 1978, at Detroit.—Decided December 5, 1979.

Donald A. Cook, a minor, by his next friend Mary P. Cook, and Donald M. Cook and Mary P. Cook, on their own behalf, brought an action against Vera Bennett and David Caine for damages for personal injuries suffered by Donald A. Cook which allegedly were a result of the negligence of the defendants. The injuries arose out of a game in which Donald A. Cook participated during a recess period at Campbell Elementary School. Defendant Bennett was the principal of the school and defendant Caine was the instructor of the classroom to which the minor plaintiff was assigned. Oakland Circuit Court, John N. O'Brien, J., granted summary judgment for the defendants. The plaintiffs appeal. *Held:*

1. Summary judgment for defendant Caine, granted on the basis that since defendant was absent on the day that the injury took place he was under no duty to supervise the minor plaintiff on that day, was proper. Without a showing of a defendant's duty owed to a plaintiff, the threshold element in a negligence case, there can be no further analysis. The plaintiffs failed to establish a duty on the part of defendant Caine to the minor plaintiff on the day in question. Plaintiffs failed to state

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 104.

61 Am Jur 2d, Pleadings § 229 *et seq.*

Reviewability of order denying motion for summary judgment. 15 ALR3d 899.

[2] 57 Am Jur 2d, Negligence §§ 32, 33.

[3] 58 Am Jur 2d, Negligence § 9.

[4] 68 Am Jur 2d, Schools § 135.

[5, 6] 57 Am Jur 2d, Municipal, School, and State Tort Liability, § 94 *et seq.*

Tort liability of public schools and institutions of higher learning for injuries resulting from lack or insufficiency of supervision. 38 ALR3d 830.

[7] 57 Am Jur 2d, Municipal, School and State Tort Liability § 94 *et seq.*

68 Am Jur 2d, Public Officers and Employees § 304.

a claim against defendant Caine upon which relief could be granted.

2. Summary judgment for defendant Bennett, granted on the basis of governmental immunity, was improper. While the school district would be protected from tort liability by governmental immunity, the principal of the school does not have such protection from liability when performing a ministerial function. The defendant principal had a duty to exercise her supervisory powers reasonably in such a way as to minimize injury to students in her charge. If she negligently performed this duty, governmental immunity does not operate to insulate her from all liability.

Affirmed as to defendant Caine and reversed as to defendant Bennett.

Judge BASHARA concurred in part and dissented in part. He agrees that summary judgment was appropriate as to defendant Caine. However, he would hold that the appropriate test to be applied to determine whether defendant Bennett is protected from tort liability by governmental immunity is whether or not she was engaged in the exercise or discharge of a governmental function. If she was, she should be held immune from liability, regardless of the ministerial or discretionary nature of her duties.

### OPINION OF THE COURT

1. JUDGMENT — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — APPEAL AND ERROR — COURT RULES.

The Court of Appeals looks to the pleadings filed to determine if a prima facie case has been set forth when reviewing a trial court's ruling on a motion for summary judgment based upon a plaintiff's failure to state a claim upon which relief can be granted.

2. NEGLIGENCE — ELEMENTS OF ACTION — DUTY.

The threshold element in a negligence action is that there must exist a duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; unless a defendant owes a duty to a plaintiff, negligence analysis can proceed no further.

3. NEGLIGENCE — DUTY — QUESTION OF LAW — SUMMARY JUDGMENT.

The existence of a duty, in a negligence case, is ordinarily a question for the trial court to decide as a matter of law; usually

whether a duty is owed by a defendant to a plaintiff does not require the resolution of fact issues, and summary judgment for the defendant is appropriate where the trial judge resolves the legal question of the defendant's duty against the plaintiff.

4. NEGLIGENCE — DUTY — TEACHERS.

A teacher owes a duty to exercise reasonable care over the students in his or her charge; however, this duty is coterminous with the teacher's presence at school.

5. SCHOOLS AND SCHOOL DISTRICTS — GOVERNMENTAL IMMUNITY — TORT LIABILITY — SCHOOL PRINCIPAL.

A school district is protected from tort liability for negligence by the doctrine of governmental immunity; however, the extent to which a school principal is protected by governmental immunity is dependent upon whether the act complained of falls within the principal's discretionary or ministerial powers.

6. TORTS — GOVERNMENTAL IMMUNITY — DISCRETIONARY ACTS — MINISTERIAL ACTS.

Discretionary acts for purpose of governmental immunity from tort liability are those of a legislative, executive or judicial nature; ministerial acts are those where the public employee has little decision-making power during the course of performance, but rather his conduct is delineated.

PARTIAL DISSENT AND PARTIAL CONCURRENCE BY BASHARA, J.

7. TORTS — GOVERNMENTAL IMMUNITY — PUBLIC EMPLOYEES — STATUTES.

*An individual public employee should be protected from tort liability by governmental immunity where the alleged negligent act on the part of the employee occurred while the employee was engaged in the exercise or discharge of a governmental function; the governmental immunity statute makes no distinction between discretionary and ministerial acts (MCL 691.1407; MSA 3.996[107]).*

*Samuel I. Bernstein,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Henry J. Maher* and *Christine Oldani),* for defendant David Caine.

*Joselyn, Row, Jamieson & Grinnan, P.C.* (by

*William G. Jamieson* and *Barry M. Feldman),* for defendant Vera Bennett.

Before: N. J. Kaufman, P.J., and V. J. Brennan and Bashara, JJ.

V. J. Brennan, J. Plaintiffs appeal by right the lower court's entry of summary judgment in favor of defendants.

By complaint filed September 27, 1977, plaintiffs brought suit against defendants Vera Bennett and David Caine alleging that the minor plaintiff suffered personal injuries caused by the negligence of the defendants. Plaintiffs claimed that he was injured while playing the game "kill" during a recess period at Campbell Elementary School.

Plaintiffs alleged that the game of "kill" consisted of one participant of the game having possession of a football while all other participants of the game attempted to obtain the ball from him by means of tackling and jumping. Plaintiffs characterized the game as ultra hazardous.

Plaintiffs claimed that defendant Bennett, Principal of Campbell Elementary School, negligently breached her duty to supervise the teachers and set rules and guidelines for the safety of minor pupils under her supervision. Plaintiffs claimed that defendant Bennett had on numerous occasions observed the game of "kill" being played on the school grounds and failed to stop the game. Plaintiffs further alleged that defendant Bennett negligently breached her duty to supervise the school instructors and substitutes so that they would act in a safe and prudent manner.

Plaintiffs claimed that defendant Caine, the instructor of the classroom to which the minor plaintiff was assigned, negligently breached his duty to supervise the recreational activities of his stu-

dents. Plaintiffs allege that defendant Caine had on numerous occasions allowed his students to play "kill" during recess. It was set forth that the minor plaintiff was seriously and permanently injured while a substitute teacher was present for defendant Caine.

On November 15, 1977, defendant Caine moved for summary judgment. The motion alleged that defendant Caine was on leave of absence on the day in which the minor plaintiff sustained his injury. Defendant Caine contended that he had no responsibility to supervise or control the minor plaintiff at that time and that any duty imposed by law was owed by the substitute teacher who was in charge on the day in question.

At a December 7, 1977, hearing the trial court granted summary judgment for defendant Caine on the ground that since that defendant was absent on the date of injury he owed no duty to supervise minor plaintiff. The trial court also granted summary judgment for defendant Bennett on the ground that she was immune from liability by virtue of governmental immunity.

The plaintiffs appeal from the trial court order. Initially we address the propriety of the grant of summary judgment in favor of defendant Caine. Although the basis for the lower court's action is not clearly delineated, our review indicates that the summary judgment was grounded upon plaintiffs' failure to state a claim upon which relief can be granted. GCR 1963, 117.2(1). Accordingly we look to the pleadings filed to determine if a prima facie case has been set forth.

The threshold element in a negligence case is that there must exist a duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct for the protection of

others against unreasonable risks. *Holloway v Martin Oil Service, Inc,* 79 Mich App 475; 262 NW2d 858 (1977). Unless defendant owes a duty to plaintiff, negligence analysis can proceed no further, *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977).

The existence of a duty is ordinarily a question for the trial court to decide as a matter of law. Usually whether a duty is owed by a defendant to a plaintiff does not require the resolution of fact issues, and summary judgment is appropriate where the trial judge resolves the legal question of the defendant's duty against the plaintiff. *Fisher v Johnson Milk Co, Inc,* 383 Mich 158, 162; 174 NW2d 752 (1970).

A teacher owes a duty to exercise reasonable care over students in his or her charge. See *Gaincott v Davis,* 281 Mich 515; 275 NW 229 (1937), *Lovitt v Concord School Dist,* 58 Mich App 593; 228 NW2d 479 (1975), *Hoose v Drumm,* 281 NY 54; 22 NE2d 233 (1939). However, this duty is coterminous with the teacher's presence at school. Supervision implies oversight. In order to oversee student activity, a teacher must be present to observe and control. Here there was no showing that defendant Caine could have breached any duty, since he was not present nor were any children placed in his charge at the time of plaintiff's injury. The failure to set forth any breach of duty warrants the summary judgment in favor of defendant Caine.

We next address the propriety of the summary judgment in favor of the school principal, Vera Bennett. The summary judgment was based upon the lower court's determination that the school principal was protected by governmental immunity.

As to this particular issue the Michigan Supreme Court has not rendered any practical guidance to the bench and bar. In *Lovitt v Concord School Dist, supra,* 598, Judge DANHOF, writing for a panel of this Court, held that the governmental immunity which protects a school district is extended to the school principal. Justices KAVANAGH, FITZGERALD, and LEVIN would hold that a school district, and thus its employees, are not protected by governmental immunity. *Galli v Kirkeby,* 398 Mich 527, 531; 248 NW2d 149 (1976). Justices WILLIAMS and RYAN, in *Galli, supra,* 531, would overrule Judge DANHOF's holding in *Lovitt* while Chief Justice COLEMAN would hold that the principal's function of supervising the school personnel (the claimed breach in the present case) is protected by governmental immunity. *Galli, supra,* 542.

The recent Supreme Court case of *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979), does not allay the confusion in the area. There the question of the applicability of governmental immunity to a school principal was summarily addressed. *Bush, supra,* 733. In that case it was alleged that the principal was apprised of the dangerous condition of the substitute lab room and failed to take appropriate action to protect the students. Justices LEVIN, KAVANAGH and FITZGERALD found that the complaint did state a claim against the principal. Chief Justice COLEMAN and Justice MOODY found that the principal was performing discretionary activities that are of essence to government and was thus protected by governmental immunity. *Bush, supra,* 734. Justice WILLIAMS, in *Bush, supra,* 734, would hold the principal liable only for *"ultra vires* acts" in accordance with *McCann v Michigan,* 398 Mich 65, 73-74; 247 NW2d 521 (1976).

It goes without saying that this area of the law is unsettled. Although we perceive a trend in Michigan to severely limit governmental immunity, as yet the problem of its applicability must be contended with.

No majority of our Supreme Court has held governmental immunity inapplicable to school districts. *Bush, supra,* 727-728. Thus our analysis proceeds from the premise that the school district itself is protected. The extent to which a school principal is protected by immunity is dependent upon whether the act complained of falls within the principal's discretionary or ministerial powers. Justice Cooley, in *Wall v Trumbull,* 16 Mich 228, 234 (1867), draws the distinction as follows:

"A ministerial officer has a line of conduct marked out for him, and has nothing to do but to follow it; and he must be held liable for any failure to do so which results in the injury of another. A judicial officer, on the other hand, has certain powers confided to him to be exercised according to his judgment or discretion; and the law would be oppressive which should compel him in every case to decide correctly at his peril."

Discretionary acts are those of a legislative, executive or judicial nature. *Sherbutte v Marine City,* 374 Mich 48, 54; 130 NW2d 920 (1964). Ministerial acts are those where the public employee has little decision-making power during the course of performance, but rather his conduct is delineated.

In *Amperse v Winslow,* 75 Mich 234; 42 NW 823 (1889), it was held that the disapproval of liquor bonds of private citizens by members of a city council are discretionary acts. Clearly city councils are invested with this authority and their duty runs to the whole public. In *Raynsford v Phelps,*

43 Mich 342; 5 NW 403 (1880), it was held that the seizure of property for taxes was a ministerial duty. The Court there emphasized that the private individual involved had a special and direct interest in the public officer's actions thus the latter was liable for his failure to properly perform his duties, even though those duties arose from his official capacity.

A similar problem was addressed in *Cole v Rife*, 77 Mich App 545; 258 NW2d 555 (1977), where defendant police officer was sued for negligence in establishing a road block and then directing plaintiff to proceed into the path of an oncoming vehicle. In *Cole* the ministerial/discretionary distinction was not specifically drawn when the Court held that the police officer was liable for his negligence and was not immune (even though the duty that was breached flowed from his official function). The Court impliedly found the police officer's actions to be ministerial in nature.

The present case involving the school principal is similar to *Cole.* Even though the supervisory powers of the school principal are incident to her public function, she has a duty to reasonably exercise these powers in such a way as to minimize injury to students in her charge. Where the principal negligently performs this duty, government immunity does not operate to insulate her from all liability. Accordingly, the lower court's ruling to the contrary is erroneous.

Affirmed as to defendant Caine; reversed as to defendant Bennett.

BASHARA, J., *(concurring in part, dissenting in part).* I respectfully dissent from that part of the Court's opinion dealing with the liability of school principal Vera Bennett. The majority holds that

because the principal was engaged in a ministerial act, an action for negligence will lie. The statute, MCL 691.1407; MSA 3.996(107), makes no mention of discretionary as opposed to ministerial acts. Rather, the test provided is whether "the government agency is engaged in the exercise or discharge of a governmental function". See the concurring opinion of Justice WILLIAMS in *Bush v Oscoda Area Schools,* 405 Mich 716, 734; 275 NW2d 268 (1979). Therefore, to determine the liability of Ms. Bennett in the present case, the proper question to ask is whether she was acting within the scope of her employment. If so, she should be held immune from liability, regardless of the ministerial or discretionary nature of her actions.