In an action to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Kings County, dated September 10, 2007, which, upon a jury verdict on the issue of liability finding that the defendant was not negligent, is in favor of the defendant and against her dismissing the complaint.
*668 Ordered that the judgment is affirmed, with costs.
The complaint alleges that the plaintiff, a special education student at a public middle school operated by the defendant City of New York, was raped in a bathroom at the school, and that the City was negligent in failing to provide adequate supervision. At trial, over the plaintiffs objection, the court instructed the jury that it could not find that the City was negligent unless the City had “actual or constructive notice of prior assaults in school bathrooms,” and that “constructive [notice] means the City of New York, in the use of reasonable care, should have known that prior assaults in school bathrooms occur, although, in fact, it had no knowledge of it.” The plaintiff argues that, under the circumstances of this case, no notice was required and that the jury charge was erroneous.
Schools are not insurers of their students’ safety, but they are under an obligation to exercise such care “as a parent of ordinary prudence would observe in comparable circumstances” (Mirand v City of New York, 84 NY2d 44, 49 [1994], quoting Hoose v Drumm, 281 NY 54, 57-58 [1939]). Generally, “[i]n determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated” (Mirand v City of New York, 84 NY2d at 49).
Here, the charge as delivered, even if erroneous, did not prejudice the plaintiff inasmuch as it was so general as to require merely that the City knew or should have known that assaults occurred in school bathrooms in general. Indeed, in this respect, an expert witness for the plaintiff offered undisputed testimony that middle school bathrooms were “notorious” for incidents, including fights, and that many students avoided them. Moreover, the charge on notice did not relate to the central issue at trial, which was whether the incident had even occurred. Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.