CODY v MARCEL ELECTRIC CO.

1. JUDGMENT—DIRECTED VERDICTS—JURY—FACT QUESTIONS—APPEAL
   AND ERROR.

   A trial judge may not take the question from a jury when a fact
   question is presented upon which reasonable persons could
   reach differing conclusions; directed verdicts are viewed with
   disfavor and are reviewed in a light most favorable to the
   nonmoving party with every reasonable inference granted to
   him and any conflict in evidence resolved in his favor.

2. NEGLIGENCE—INSTRUCTIONS TO JURY—PROXIMATE CAUSE—UNDUE
   PREJUDICE—INSTRUCTIONS AS WHOLE.

   An instruction to a jury in a negligence action that referred to
   "the" proximate cause of plaintiff's injuries was not unduly
   prejudicial and was not reversibly erroneous where the instruc-
   tions as a whole showed the jury was clearly instructed that
   there might have been more than one proximate cause and
   that if the defendant's conduct was a proximate cause of the
   injury he could be held liable.

3. PRODUCTS LIABILITY—INSTRUCTIONS TO JURY—NEGLIGENT DESIGN—
   BREACH OF DUTY—MISLEADING INSTRUCTIONS.

   A jury instruction in a negligence action that "[m]erely proving
   that an injury would not have occurred had a particular
   product been differently designed does not establish a breach of
   duty as to this design" is not erroneous; a plaintiff's requested
   inclusion of the word "necessarily" would imply that a breach
   of duty could be established by proving only that another
   design would have prevented an injury and would therefore be
   misleading.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 319.
[2] 57 Am Jur 2d, Negligence § 138.
[3] 75 Am Jur 2d, Trial § 624.
[4] 57 Am Jur 2d, Negligence § 205.
[5] 75 Am Jur 2d, Trial § 668.
[6] 81 Am Jur 2d, Witnesses § 529.

4. NEGLIGENCE—INTERVENING NEGLIGENCE—JUDGES—DISCRETION—
    ABUSE OF DISCRETION—CREDIBLE EVIDENCE—PROXIMATE CAUSE.

A trial judge did not abuse his discretion in submitting to a jury
in a negligence action the question of intervening negligence of
a nonparty where credible evidence was presented at trial from
which the jury could conclude that conduct attributable to a
nonparty was the sole proximate cause of the injury.

5. WITNESSES—EXPERT WITNESSES—JURY—DISREGARDING TESTIMONY
    —ESSENTIAL ASSUMPTIONS—PRESERVING QUESTION.

Any error which may have occurred in a trial court's failure to
instruct a jury in a negligence action that it could disregard
the testimony of any expert witness if they disbelieved any of
the essential factual assumptions used by the witness was
waived where no request for the instruction or objection to its
omission appeared on the record, and the appealing party has
not alleged on appeal that an expert's opinion at trial was
based upon improper factual assumptions.

6. EVIDENCE—PRODUCTS LIABILITY—NEGLIGENCE—REMEDIAL ACTION—
    IMPEACHMENT—PARTIES.

Evidence that an employer had installed a guard on a press after
a plaintiff employee was injured by it was properly admissible
for impeachment purposes in an action against the manufac-
turer where a witness had testified that no guard could be
placed on the machine, the employer was not a party to the
action, and no attempt was made to impose liability against the
party who took the remedial action.

Appeal from Macomb, Edward Gallagher, J.
Submitted June 10, 1976, at Detroit. (Docket No.
25076.) Decided October 19, 1976. Leave to appeal
denied, 399 Mich —.

Complaint by William Cody and Liberty Mutual
Insurance Co. against Marcel Electric Co. and
Allen-Bradley Co. seeking damages for the negli-
gent manufacture and installation of certain parts
of a machine. Directed verdict for defendant Mar-
cel Electric on one count. Judgment for both de-
fendants on the remaining counts. Plaintiffs ap-
peal. Reversed in part, affirmed in part and re-
manded.

*Goldsmith, Yaker & Goldsmith,* for plaintiffs.

*Harvey, Kruse & Westen,* for defendant Allen-Bradley.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.,* for defendant Marcel Electric.

Before: J. H. Gillis, P. J., and T. M. Burns and W. Van Valkenburg,* JJ.

T. M. Burns, J. Plaintiff William Cody was injured while operating a press in his job with Iroquois Tool & Die Company. At the trial of plaintiff's suit against persons responsible for the manufacture and installation of certain parts of the press, the trial judge directed a verdict for defendant Marcel Electric Company on a negligence count and the jury returned a verdict of no cause of action in favor of both defendants Allen-Bradley Company and Marcel Electric on the remaining counts. Both plaintiff and intervenor[1] appeal these verdicts as a matter of right.

Plaintiff alleged that the electrical relay system installed on the press he was operating malfunctioned and caused the press to unexpectedly close on his hand, resulting in severe injuries. The relays were manufactured by Allen-Bradley and installed by Marcel Electric. The relays were installed in January, 1970, and the accident occurred in May, 1972. Defendants maintained that the accident was caused by the negligence of Iroquois Tool & Die. It was claimed that Marcel Electric had installed palm buttons to operate the press

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Liberty Mutual Insurance Co, the workmen's compensation carrier for Iroquois Tool & Die Co.

but that Iroquois had subsequently replaced the palm buttons with a foot pedal.

## I

Plaintiff contends that the trial court erred reversibly in granting defendant Marcel Electric's motion for a directed verdict on the negligence count. He argues that the evidence was sufficient to submit the question of negligence to the jury. The defendants argue that there was no affirmative evidence on the record to show that defendant Marcel Electric was negligent and, therefore, the trial court correctly directed a verdict.

Directed verdicts, particularly in negligence cases, are viewed with disfavor. When a fact question is presented upon which reasonable persons could reach differing conclusions, the trial judge may not take the question from the jury. In deciding whether the trial court erred in entering a directed verdict, we review all the evidence presented to determine whether a question of fact existed. In so doing, we view the evidence in a light most favorable to the nonmoving party, granting him every reasonable inference and resolving any conflict in the evidence in his favor. If the evidence viewed in this manner establishes a prima facie case, we must reverse the trial court's grant of a directed verdict. *Caldwell v Fox,* 394 Mich 401; 231 NW2d 46 (1975).

The status of the evidence presented below makes the issue before us difficult to resolve. We recognize that the trial judge was faced with a close question in deciding on the motion for a directed verdict. Our review of the evidence and study of the applicable law, however, persuades us that the directed verdict should not have been entered.

There was no direct proof of negligence on the part of Marcel Electric, but the plaintiff did present a prima facie case. Evidence was offered to show that:

1. Marcel Electric installed the electrical system, including the relay system wiring.

2. After the accident it was discovered that the "fail-safe" system had been inoperative because of improper wiring.

3. All Iroquois Tool personnel who might have worked on the machine after its installation denied having altered the wiring.

On the other hand, evidence was offered to show that:

1. Marcel Electric had not worked on the machine between the date of installation and the date of the accident—a period of over two years.

2. Iroquois Tool had access to the wiring system and had in fact altered a different part of the wiring after its installation.

The evidence presented by the plaintiff constituted a showing of negligence based upon inference. Evidence was introduced by Marcel Electric to rebut the inference of negligence. The only remaining question was which side was more believable, an issue only the jury could resolve.

" 'It is true that where an injury occurs that cannot be accounted for, and where the occasion of it rests wholly in conjecture, the case may fail for want of proof. *Robinson v Charles Wright & Co,* 94 Mich 283 [53 NW 938 (1892)]; *Redmond v Delta Lumber Co,* 96 Mich 545 [55 NW 1004 (1893)]. But such cases are rare, and that rule should never be so extended as to result in a failure of justice, or in denying an injured person a right of action where there is room for balancing the probabilities, and for drawing reasonable inferences better supported upon one side than the other.

* * *

" 'Negligence, like any other fact, may be inferred from circumstances. *Alpern v Churchill,* 53 Mich 607, 613 [19 NW 549 (1884)], *Barnowsky v Helson,* 89 Mich 523 [50 NW 989 (1891)]. And, though the proof of plaintiff depended upon inference to establish the main fact, the question of whether the inference suggested by the plaintiff's theory is the correct one, or whether it was sufficiently rebutted, was for the jury. *Crosby v Detroit, G. H. & M. R. Co,* 58 Mich 458 [25 NW 463 (1885)]; *Hagan v Chicago, D. & C. R. Co,* 86 Mich 615 [49 NW 509 (1891)]; *Woods v Detroit & G. T. R. Co,* 108 Mich 396 [66 NW 328 (1896)].' " *Schedlbauer v Chris-Craft Corp,* 381 Mich 217, 230–231; 160 NW2d 889 (1968), quoting from *Schoepper v Hancock Chemical Co,* 113 Mich 582, 586, 589; 71 NW 1081 (1897).

The trial court erred in entering a directed verdict for Marcel Electric on the negligence count.

## II

While instructing the jury on the plaintiff's theories of liability, the trial judge made repeated reference to "the" proximate cause of the plaintiff's injuries as well as "a" proximate cause. Plaintiff is correct in arguing that the trial judge erred in speaking of "the" proximate cause. *Barringer v Arnold,* 358 Mich 594; 101 NW2d 365 (1960). But we do not find that the judge instructed the jury that it could only find a defendant liable if it was the sole proximate cause of the accident. In fact, the judge correctly recited SJI 15.02 and 15.03:

"When I use the word approximate cause I mean first, that there must have been a connection between that conduct of the defendant which plaintiff claims was negligent and the injury complained of by the

plaintiff, and second, that the occurrence which is claimed to produce that injury was a natural and probable result of such conduct of the defendant. When I use the word proximately contributed I mean first, that there must have been a connection between that conduct of the plaintiff which defendant claims was negligent and the injury of which this plaintiff complains, and second, that the occurrence again which is claimed to have produced the injury was a natural and probable result of such conduct of the plaintiff. *There may be more than one proximate cause. To be a proximate cause, the claimed negligence of the defendants need not be the only cause nor the last cause. A cause may be proximate although it and other cause act at the same time or in combination to produce the occurrence.*" (Emphasis added.)

Reading the instructions as a whole, we conclude that the error was harmless. The jury was clearly instructed that there may be more than one proximate cause and that if a defendant's conduct is a proximate cause of the accident, he is liable. Given this explicit instruction, the isolated references to "the" proximate cause were of little consequence. The plaintiff was not unduly prejudiced by these inadvertent errors.

### III

In his instructions to the jury on plaintiff's theory of negligent design the trial judge stated:

"Merely proving that an injury would not have occurred had a particular product been differently designed does not establish a breach of duty as to this design."

Plaintiff assigns reversible error to the omission of the word "necessarily" from the sentence purportedly taken from this Court's opinion in *Farr v*

*Wheeler Manufacturing Corp,* 24 Mich App 379, 386; 180 NW2d 311 (1970).[2]

Omission of the word "necessarily" did not render the instructions erroneous. Indeed, inclusion of the word "necessarily" would have implied that a breach of duty could be established by proving only that another design would have prevented an injury; as such the instruction would have been misleading.

## IV

Plaintiff objects to the trial judge's inclusion of the second paragraph of SJI 15.05 (intervening negligence of nonparty) in his instructions to the jury.[3] The note to SJI 15.05 states that the second paragraph should be given only when there is evidence that the sole proximate cause *may* have been conduct of a third person. Plaintiff argues that it was impossible for the sole proximate cause of the accident to be that of the third person, Iroquois.

The trial judge did not abuse his discretion in submitting this question to the jury. The test is whether credible evidence was presented from which the jury could conclude that conduct attributable to Iroquois was the sole proximate cause of

---

[2] "This Court agrees that merely proving that an injury would not have occurred had a particular product been differently designed does not *necessarily* establish a breach of duty as to design." (Emphasis added.)

[3] The entire instruction read as follows:

"If you decide that the defendant Allen-Bradley was negligent and that such negligence was the proximate cause of the accident it is not a defense that the conduct of Iroquois Tool who is not a party here to this suit, also may have been a cause of this occurrence. *However, if you decide that only one proximate cause of the occurrence was the conduct of someone not a defendant, in that case, Iroquois Tool, then your verdict should be for defendant Allen-Bradley."* (Emphasis added.)

the accident. Evidence was offered at trial to show that the controls were replaced by Iroquois personnel with a foot switch, that wiring had been tampered with subsequent to its installation, that screws in the control box were loosened by Iroquois personnel, and that maintenance of the press was the exclusive responsibility of Iroquois. We find no error in the instruction.

## V

Plaintiff claims that the trial judge erred reversibly by failing to instruct the jury that it could disregard the testimony of any expert witness if they disbelieved any of the essential factual assumptions used by the witness. Our reading of the record discloses no request for such an instruction nor any objection to its omission. Plaintiff does not allege that an opinion of the defendants' expert witness was erroneous because it was based upon improper factual assumptions. Any error was waived.

## VI

Allen-Bradley's defense counsel questioned plaintiff's expert witness concerning the type of guards the employer could have placed on the press. When the witness stated that no such guard could have been installed, defense counsel presented the fact that the employer had in fact installed a guard on the press after the accident had occurred.

Defense counsel's questioning was not improper. This is not a case where evidence of subsequent repairs was introduced in an attempt to impose liability against the person who took such remedial action. See *Denolf v Frank L Jursik Co,* 395

Mich 661; 238 NW2d 1 (1976). Iroquois is not party to this suit. The evidence was introduced for impeachment purposes. The witness had testified that no guard could be placed on the machine. The introduction of evidence that a guard had in fact been installed on the machine constituted proper impeachment.

## VII

We find no prejudicial error as alleged in the remaining issues concerning attorney misconduct.

Affirmed in part, reversed in part. This cause is remanded for a new trial on the negligence count against defendant Marcel Electric. Costs to defendant Allen-Bradley only.