## MARKWARD & KARAFILIS, INC. v DETROIT OSTEOPATHIC HOSPITAL CORPORATION

1. Appeal and Error—Judgment—Summary Judgment—Court Rules—Failure to State Claim.

   The Court of Appeals accepts all well-pleaded allegations as true when reviewing a grant of a motion for summary judgment for failure to state a claim upon which relief can be granted (GCR 1963, 117.2[1]).

2. Master and Servant—Torts—Landowners—Contractors—Liability—Delegation of Duties—Public Interest.

   A landowner is not ordinarily responsible to a third party for injuries caused by a carefully selected contractor to whom he has delegated the task of erecting a structure, but a landowner is responsible if he does not truly delegate—if he retains "control" of the work—or if, by rule of law or statute, the duty to guard against the risk is made "nondelegable"; in a given case, the policy question facing a court is whether on the facts presented the public interest warrants imposition upon a person who has delegated a task the duty to guard against risks implicit in the performance of the task.

3. Torts—Master and Servant—Risk of Liability—Landowners—Contractors—Delegation of Risk—Contribution—Judgment—Summary Judgments.

   The risk of liability for injury to a third party is delegable where a defendant hospital has contracted with a general contractor for construction of a building and a contract specification that a hoist to be used in the project was to be installed and maintained in accord with industry safety standards is not, by itself, sufficient as a matter of law to constitute control of the work by the hospital; therefore, summary judgment was properly granted in favor of the defendant hospital in an action against the hospital by the contractor for contribution toward a judg-

References for Points in Headnotes

[1] 4 Am Jur 2d, Appeal and Error § 104.

  5 Am Jur 2d, Appeal and Error §§ 617, 727, 853.

[2, 3] 53 Am Jur 2d, Master and Servant § 425.

ment obtained against the contractor by the estate of a work-
man killed while using the hoist.

Appeal from Wayne, Joseph G. Rashid, J. Submitted February 1, 1977, at Detroit. (Docket No. 28765.) Decided April 1, 1977.

Complaint by Markward & Karafilis, Inc., against Detroit Osteopathic Hospital Corporation for contribution toward a judgment obtained against Markward & Karafilis by the estate of a workman killed in an accident at a hospital construction site. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Martin, Bohall, Joselyn, Rowe & Jamieson, P. C.,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *B. I. Stanczyk* and *John P. Jacobs),* for defendant.

Before: N. J. KAUFMAN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. The plaintiff Markward & Karafilis, Inc., a general contractor, brought an action for contribution against defendant Detroit Osteopathic Hospital resulting from a judgment obtained against plaintiff concerning a building project accident. Plaintiff was required by its contract with defendant on that project to install and maintain a material hoist for the use of all trades on the project. The contract also specified that the hoist was to be in accord with industry safety standards. An employee of a subcontractor was killed while using the material hoist. The estate of

* Former Supreme Court Justice sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the workman recovered a judgment against plaintiff.

Plaintiff in this action is attempting to shift liability for a portion of those damages to defendant hospital. The basis of the plaintiff's action is that the defendant's failure to inspect and implement safety precautions on the material hoist was a proximate cause of the workman's accident.

Defendant claimed that there was no duty to inspect or implement safety precautions on the hoist. Defendant also contended that the indemnity clause of the construction contract prevented contribution.

After a hearing, Wayne County Circuit Court Judge Joseph Rashid granted summary judgment for failure to state a claim upon which relief could be granted. GCR 1963, 117.2(1). In considering a motion for summary judgment under this provision, we accept all well-pleaded allegations as true. *Martin v Fowler,* 36 Mich App 725, 729; 194 NW2d 524 (1971). On appeal, we must decide whether defendant's failure to inspect the hoist or implement safety precautions was insufficient to sustain an action as a matter of law.

The standard we apply here was stated in *Funk v General Motors Corp,* 392 Mich 91, 101–102; 220 NW2d 641 (1974):

"Ordinarily a landowner is not responsible for injuries caused by a carefully selected contractor to whom he has delegated the task of erecting a structure. Most every rule has its exceptions. This rule is distinguished by the variety of its exceptions.

"An owner is responsible if he does not truly delegate —if he retains 'control' of the work—or if, by rule of law or statute, the duty to guard against the risk is made 'nondelegable'.

"Inevitably it becomes a matter of judgment, case by

case, where to draw the line between so-called 'delegable' and 'nondelegable' tasks and duties. In a given case, the policy question facing a court (the law of torts is largely judge-made) is whether on the facts presented the public interest warrants imposition upon a person who has delegated a task the duty to guard against risks implicit in the performance of the task."

There is no question in this case that the risk was delegable. The specification of safety requirements alone is insufficient as a matter of law to constitute "control" of the work. See *Erickson v Pure Oil Corp,* 72 Mich App 330; 249 NW2d 411 (1976).

Affirmed.