## ORTON v MARKWARD & KARAFILIS, INC.

Docket No. 31544. Submitted November 3, 1977, at Detroit.—Decided
May 23, 1978.

David N. Orton was killed on a construction project when he fell
five stories from a moveable hoist attached to the structure of
the building under construction. Susan Orton, administratrix of
the estate of David N. Orton, recovered a judgment for the
death of Mr. Orton, her husband, from Markward & Karafilis,
Inc. Markward & Karafilis, Inc., was the prime contractor on
the project and the owner of the hoist. The deceased was an
employee of Detroit Elevator Company. Defendant Markward
brought Detroit Elevator in as a third-party defendant, claim-
ing that Markward was entitled to indemnity or contribution
from Detroit Elevator on the theories that Detroit Elevator was
a bailee of the hoist at the time of the fatal accident and that
Detroit Elevator was actively negligent while Markward was
only passively negligent. Judgment for third-party defendant
Detroit Elevator on the matter of indemnification, Wayne
Circuit Court, Thomas J. Brennan, J. Defendant Markward
appeals. *Held:*

There was no right of indemnification on the theories raised,
bailment and passive negligence. There was no bailment rela-
tionship sufficient for indemnification because one of Mark-
ward's employees had exclusive control over the operation of
the hoist. Markward was guilty of active negligence and there-
fore was not entitled to indemnification on the second theory
raised.

Affirmed.

1. INDEMNITY—EQUITY—RESTITUTION.

Indemnification rests on the equitable principle of a right to
restitution.

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indemnity §§ 1, 2.
[2, 4] 8 Am Jur 2d, Bailments §§ 138, 221.
[3] 8 Am Jur 2d, Bailments §§ 54–56.
[4] 8 Am Jur 2d, Bailments §§ 258, 259.
[5] 41 Am Jur 2d, Indemnity § 15.

2. INDEMNITY—BAILMENT.

A bailment relationship may entitle a bailor to indemnification from the bailee in some cases.

3. BAILMENT—DELIVERY OF PERSONAL PROPERTY—TRUST—TRANSFER TO BAILEE—EXCLUSIVE CUSTODY AND CONTROL.

A bailment requires the delivery of personal property in trust; in order to constitute a sufficient delivery of the subject of the bailment, there must be a full transfer to the bailee so as to exclude the possession of the owner and all other persons and to give to the bailee the sole custody and control of the property.

4. BAILMENT—HOIST—MAINTENANCE OF CONTROL BY BAILOR—INDEMNIFICATION—WRONGFUL DEATH.

An alleged bailor was not entitled to indemnification from an alleged bailee, on a bailment theory of indemnification, for damages sought from the bailor for a wrongful death allegedly caused by the negligent maintenance of the hoist where the alleged bailor had exclusive control over the lowering and raising of the hoist.

5. INDEMNITY—NEGLIGENCE—ACTIVE NEGLIGENCE.

A party who is guilty of active negligence is not entitled to indemnification from another alleged tortfeasor.

*Joselyn, Rowe, Jamieson & Grinnan, P. C.,* for defendant and third-party plaintiff Markward & Karafilis, Inc.

*Sullivan, Ranger, Ward & Bone,* for third-party defendant Detroit Elevator Company.

Before: BEASLEY, P. J., and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

PER CURIAM. Plaintiff Susan Orton, as administratrix of her husband's estate, recovered a judgment for the death of her husband against defendant prime contractor, Markward and Karafilis, Inc., on a construction project. The decedent, an employee of third-party defendant Detroit Elevator Company, fell five stories to his death from a

moveable "material hoist" owned by Markward and attached to the structure of the building under construction. Plaintiff's basic theory was that the hoist was negligently maintained in an unsafe condition and that it was not equipped with safety devices required under state law and labor department regulations.

Claiming indemnity or contribution, Markward brought Detroit Elevator in as a third-party defendant. Markward predicated its claim for indemnification or contribution on the theories that Detroit Elevator was a bailee of the hoist at the time of the fatal accident and that Detroit Elevator was "actively" negligent in failing to properly instruct its employees on safety precautions, whereas Markward argued it was merely "passively" negligent in failing to comply with "technical" safety regulations. Although the trial judge denied Detroit Elevator's initial motion for summary judgment, the judge granted its motion for a directed verdict on the grounds that if Markward was found liable to plaintiff it would be because of Markward's active fault, thus depriving Markward of a right of indemnification as a matter of law. After the entry of the judgments, Markward moved for a new trial against Detroit Elevator and the trial judge denied the motion on the grounds that Markward's active negligence precluded its action for indemnification. This appeal followed.[1]

We affirm the trial court. Defendant Markward is not entitled to indemnification under either of its proposed theories—bailment or passive negligence.

---

[1] We note that defendant Markward and Karafilis, Inc., sought, and was denied, contribution from the corporation which had contracted with Markward to construct the hospital. *Markward and Karafilis, Inc v Detroit Osteopathic Hospital Corp,* 77 Mich App 728; 258 NW2d 161 (1977).

First, Markward argues that the use of the hoist, to load and unload materials, by employees of Detroit Elevator constituted a bailment. Consequently, Markward argues, it is entitled to indemnification. In *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972), the Michigan Supreme Court noted that indemnification rests on the equitable principle of a right to restitution. In listing several types of legal relationships which may give rise to indemnification, the Court noted that the right to indemnification has been given in some bailment situations. *Dale, supra,* at 705. The Court did not say the existence of a bailment relationship always entitles a bailor to indemnification from the bailee, but only that such a relationship has been the basis for indemnification in some cases.

No bailment existed in this case. A bailment requires the delivery of personal property in trust. *In re George L Nadell & Co, Inc,* 294 Mich 150, 154; 292 NW 684 (1940). In order to constitute a sufficient delivery of the subject of the bailment, there must be a full transfer to the bailee so as to exclude the possession of the owner and all other persons and to give to the bailee the sole custody and control thereof. 8 Am Jur 2d, Bailments, § 56, p 961. As a general rule, the creation of a bailment requires the possession and control over the subject matter pass from the bailor to the bailee. 8 Am Jur 2d, Bailments, § 54, p 960.

In this case it is clear that Markward's employee, one Cecil Hawkins, had exclusive control over the raising and lowering of the hoist. At the time of the fatal accident, Mr. Hawkins had locked the hoist into place and was inside the building structure.

Under the above-cited criteria for the creation of a bailment relationship, a bailment did not exist

here. The mere use of the hoist, attached to the building structure and controlled by Markward's employee, is not sufficient to create a bailment.

Secondly, Markward argues its negligence was "passive" in nature whereas Detroit Elevator's failure to properly instruct employees on safety precautions was "active" negligence. In *Dale* the Court recognized that indemnification might be proper where one of two parties is guilty of only "passive" negligence while the second party is guilty of "active" negligence. *Dale* at 705. The concepts of active and passive fault were recently discussed in *Provencal v Parker,* 66 Mich App 431; 239 NW2d 623 (1976). Under the principles enunciated in *Provencal,* Markward is not entitled to indemnification since Markward was guilty of active negligence.

As noted by the trial judge in his written opinion denying a new trial, the allegations in plaintiff's complaint sounded in active negligence. Further, the instructions framed the liability issue in terms of active negligence concepts. While Markward claims its mere technical violations of the statute could only be passive negligence, this contention ignores the fact that the instructions clearly indicated that these statutory violations were to be considered *evidence* of negligence. The out of state cases cited by Markward are not on point since they deal with statutory causes of action, whereas the instant case deals with a negligence fault standard. We uphold the trial judge's ruling that Markward was guilty of active negligence and therefore precluded as a matter of law from compelling indemnification from Detroit Elevator.

Affirmed.