PLUMMER v BECHTEL CONSTRUCTION COMPANY

Docket No. 103017. Submitted October 9, 1989, at Detroit. Decided February 20, 1990.

Thomas C. Plummer, Jr., employed by Babcock and Wilcox as a pipe fitter, sustained injury during the construction of a Detroit Edison Company power plant when he fell off a raised platform which was not equipped with guardrails. Plummer brought a negligence action in the Wayne Circuit Court against Bechtel Construction Company, the general contractor of the construction project on which Plummer's employer had been a subcontractor, and Detroit Edison. The court, Sharon Tevis Finch, J., denied defendants' motion for a directed verdict at the close of plaintiff's proofs. Following defendants' presentation of their case, which included evidence indicating that plaintiff was intoxicated at the time of the accident and that he had ignored instructions not to mount the platform when not secured by a safety line, the jury returned a verdict in favor of plaintiff. The jury found plaintiff to have been twenty-five percent comparatively negligent and reduced its damage award accordingly. Defendants appealed.

The Court of Appeals *held*:

1. A property owner is generally not liable in negligence to a contractor's employee unless the owner retains control of the work. In this case, the evidence produced at trial was insufficient to support a conclusion that Detroit Edison retained control of the work such that it can be held liable for plaintiff's injury.

2. A general contractor has a duty to assure that reasonable steps are taken within its supervisory and coordinating authority to guard against readily observable, avoidable dangers in common work areas which create a high degree of risk to a significant number of workmen. Here, Bechtel took reasonable

REFERENCES

Am Jur 2d, Independent Contractors §§ 29, 30; Master and Servant § 195.

See the Index to Annotations under Building and Construction Contracts and Work; Independent Contractors; Master and Servant; Subcontractors.

steps to guard against readily observable, avoidable dangers. Bechtel owed no duty to plaintiff to guard against his intoxication and his disregard of safety instructions.

Reversed.

1. MASTER AND SERVANT — CONTRACTORS — NEGLIGENCE — TORTS.

Generally, a property owner is not liable to an employee of a contractor for the contractor's negligence; however, where the owner retains sufficient control of the work performed by the contractor which amounts to more than mere contractual control, safety inspections, and general oversight, liability for such negligence may be imposed.

2. MASTER AND SERVANT — CONTRACTORS — GENERAL CONTRACTORS — NEGLIGENCE — COMMON WORK AREAS.

A general contractor has a duty to assure that reasonable steps are taken within its supervisory and coordinating authority to guard against readily observable, avoidable dangers in common work areas which create a high degree of risk to a significant number of workmen.

*Leonard D. McMahon, P.C.* (by *Leonard D. McMahon*), and *Conway & Wright, P.C.* (by *Daniel J. Wright*), of Counsel, for plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Gregory G. Drutchas* and *Susan Healy Zitterman*), for defendants.

Before: SAWYER, P.J., and WEAVER and NEFF, JJ.

WEAVER, J. Thomas C. Plummer, Jr., sued Bechtel Construction Company and The Detroit Edison Company for injuries received during a construction accident. A jury found that plaintiff suffered $1,100,000 in damages. However, the jury apportioned fault at twenty-five percent to plaintiff and seventy-five percent to defendants, thus reducing defendants' liability to $825,000. Defendants appeal as of right. We reverse.

Plaintiff was injured in the course of his employment as a pipe fitter with Babcock and Wilcox on

the construction of Edison's Belle River Power Plant. Babcock and Wilcox was a subcontractor working under the general contractor, Bechtel Construction Company.

At the time of the accident plaintiff was installing coal pipe forty feet off the floor. Expert testimony at trial established that plaintiff was drunk, with a blood-alcohol level of between 0.213 and 0.23 percent. To free a caught pipe, plaintiff went out onto a platform that had no guardrails. Plaintiff was wearing a safety belt, but when he went onto the platform he did not "tie off" (attach a safety line from his safety belt to a nearby permanent structure), although he had been instructed to do so. At trial, plaintiff testified that there was no place for him to "tie off." Defendants disputed this testimony. Plaintiff fell from the platform, receiving severe injuries.

The trial court denied defendants' motion for directed verdict after the plaintiff's case was presented, finding both defendants owed a duty to plaintiff. On appeal, defendants contend that there was insufficient evidence to establish either that they owed a duty to plaintiff or that such alleged duty was breached. We agree.

### DETROIT EDISON

Edison was the property owner in this case. A property owner is generally not liable in negligence to a contractor's employee unless the owner retains control of the work. *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974). Upon a review of the record and briefs, we find that Edison retained neither partial nor direct control of the actual construction work, which was carried out by Babcock and Wilcox as subcontractor and by Bechtel as general contractor. Testi-

mony adduced at trial established that any control retained by Edison was primarily contractual and that Edison was responsible for general oversight and safety inspections. Such activity did not amount to "control" of the work. *Wolfe v The Detroit Edison Co,* 156 Mich App 626; 402 NW2d 16 (1986), lv den 428 Mich 865 (1987); *Miller v Great Lakes Steel Corp,* 112 Mich App 122; 315 NW2d 558 (1982). Accordingly, insufficient evidence existed to show that defendant Edison owed a duty to plaintiff. *Funk v General Motors Corp,* supra.

### BECHTEL CONSTRUCTION

Similarly, insufficient evidence existed to show that defendant Bechtel, as general contractor, owed a duty to plaintiff to guard him against the injury suffered. A general contractor has a duty to assure that reasonable steps are taken within its supervisory and coordinating authority to guard against readily observable, avoidable dangers in common work areas which create a high degree of risk to a significant number of workmen. *Funk v General Motors Corp, supra.* Here, Bechtel did take reasonable steps within its supervisory and coordinating authority to guard against "readily observable, avoidable dangers" by requiring subcontractors to report what they were accomplishing in their safety programs, to have weekly safety meetings, to educate and inform employees regarding safety, and to equip employees to do their jobs safely. Bechtel also took reasonable steps to see that plaintiff was instructed to use his safety belt when necessary. Plaintiff knew that he was required to "tie off" with his safety belt if he was on a scaffold without guardrails.

A hotly disputed issue at trial was whether

plaintiff was able to "tie off" on the platform from which he fell. There was no evidence that plaintiff was ordered to work on the unguarded scaffold or that he was expected to complete his assigned tasks without regard to the absence of safety equipment. Nor was there evidence that any of plaintiff's coworkers or supervisors would have refused safety assistance to plaintiff had he asked for it, as he should have done if there was in fact no place to "tie off."

The conclusion is inescapable that it was unobservable or unforeseeable that plaintiff would get drunk and then leave the guard-railed catwalk to work on an unprotected scaffold without requesting safety assistance or tying off as he had been instructed. Accordingly, insufficient evidence existed to show that defendant Bechtel owed a duty to plaintiff. *Funk v General Motors Corp, supra.*

### CONCLUSION

The question of whether plaintiff established that the defendants came within an exclusion from the general rule of nonliability for property owners and general contractors was one of law for the trial judge. *Signs v The Detroit Edison Co,* 93 Mich App 626; 287 NW2d 292 (1979). Viewing the evidence in a light most favorable to plaintiff and giving plaintiff the benefit of every reasonable inference to be drawn from the evidence, reasonable persons could not differ in finding that defendants did not owe a duty to prevent plaintiff's injury. *Boggerty v Wilson,* 160 Mich App 514, 522; 408 NW2d 809 (1987), lv den 430 Mich 851 (1988). Taken as a whole, the evidence on this record did not justify submitting plaintiff's case to the trier of fact. *People v Clark,* 172 Mich App 1, 6; 432 NW2d 173 (1988), lv den 432 Mich 896 (1989).

Because our analysis of this issue is dispositive, we do not address defendants' remaining issues on appeal.

Reversed.